UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRANCE T. DOTSON,

    Petitioner,

        CASE NO. 2:06-CV-15674
v.        JUDGE PAUL D. BORMAN
        MAGISTRATE JUDGE PAUL KOMIVES

C. EICHENLAUB,

    Respondent.
                              /

## REPORT AND RECOMMENDATION

I.    RECOMMENDATION: The Court should deny petitioner's application for the writ of habeas corpus.

II.    REPORT:

A.    *Background*

Petitioner Terrance T. Dotson is a federal prisoner currently incarcerated at the Federal Correctional Institution in Milan, Michigan (FCI-Milan). The facts involved in this case are not disputed. On March 16, 2005, petitioner was sentenced in the United State District Court for the Northern District of Illinois to a term of 46 months' imprisonment and a term of three years' supervised release pursuant to his conviction for distribution of a controlled substance, 21 U.S.C. § 841(a)(1). *See* Gov't Br., Ex. 1. Petitioner's projected release date is September 14, 2008. *See id.*, Ex. 2. On February 27, 2006, while incarcerated at the Federal Correctional Institution in Pekin, Illinois, petitioner was approved for admission into the Bureau of Prisons's Residential Drug Abuse Program (RDAP). However, petitioner was informed that his participation in the RDAP would not

1

qualify him for early release under 18 U.S.C. § 3621(e) because he had a prior conviction for a violent offense.

On June 5, 2006, after his transfer to Milan, petitioner filed a request for administrative remedy seeking early release based on his participation in the RDAP. Petitioner's request noted that his aggravated assault conviction was a misdemeanor and was over 11 years old, and that he was a juvenile when the crime was committed. Petitioner also argued that he was being denied equal protection of the law because other inmates in similar circumstances had obtained early release. The Warden denied the request on June 22, 2006, explaining that petitioner's aggravated assault conviction rendered him ineligible for early release. *See id.*, Ex. 3. Petitioner filed Regional and Central Office Administrative Appeals, each of which was denied. *See id.*, Exs. 5 & 6.

On December 21, 2006, petitioner filed this application for the writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner contends that he is entitled to early release based on his participation in the RDAP because his misdemeanor conviction for aggravated assault while he was 17 years old does not constitute a violent offense. Petitioner also argues that the BOP's denial of early release violates his equal protection rights because other similarly situated prisoners have been granted early release. The government filed a response on March 8, 2007. The government argues that petitioner's equal protection claim is unexhausted, and that he is not entitled to early release due to his previous aggravated assault conviction. Petitioner filed a reply on March 19, 2007.

B.    *Analysis*

   1.    *The Statutory Framework*

Petitioner's habeas claims attack the BOP's implementation of 18 U.S.C. § 3621(e). Under this section, the BOP must provide each prisoner the opportunity to participate in residential

substance abuse treatment in his place of confinement. *See* 18 U.S.C. § 3621(b), (e)(1). The statute provides two incentives to prisoners who successfully complete an RDAP. First, the Director has discretion to modify the conditions of the prisoner's confinement. *See* 18 U.S.C. § 3621(e)(2)(A). Second, and at issue here, the statute provides that certain prisoners may be eligible for early release from their sentences. Specifically, the statute provides:

> The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program *may* be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.

18 U.S.C. § 3621(e)(2)(B) (emphasis added). As the use of "may" indicates, the statute leaves the decision of whether to grant early release to the discretion of the BOP. *See Lopez v. Davis*, 531 U.S. 230, 241 (2001).

In order to implement § 3621(e), the BOP has promulgated a regulation governing early release of prisoners who successfully complete an RDAP. In relevant part, the regulation provides:

> As an exercise of the discretion vested in the Director of the Federal Bureau of Prisons, the following categories of inmates are not eligible for early release:
> . . . .
> Inmates who have a prior felony or misdemeanor conviction for homicide, forcible rape, robbery, or aggravated assault, or child sexual abuse offenses[.]

28 C.F.R. § 550.58(a)(1)(iv). As the Supreme Court explained in *Lopez*, this regulation categorically precludes the granting of early release to certain offenders, and the regulation is a permissible exercise of the BOP's discretion in light of the language of § 3621(e). *See Lopez*, 531 U.S. at 244 ("[T]he Bureau may categorically exclude prisoners based on their preconviction conduct[.]").

2. *Whether Petitioner's Conviction Disqualifies Him for Early Release*

Petitioner argues that his prior misdemeanor conviction should not disqualify him for early

3

release because it was not a violent offense. He claims that the conduct giving rise to the conviction involved only the pointing of a BB gun at another person. Petitioner notes that he was convicted only of a misdemeanor, and that he was sentenced to time served. Petitioner also argues that the conviction does not constitute an "adult" conviction because he was only 17 years old at the time.[1] The Court should reject these arguments.

Petitioner's focus on the factual circumstances of his crime is misplaced. As the language of the regulation makes clear, 28 C.F.R. § 550.58 "applies a 'categorical approach' to prior convictions." *Camper v. Benov*, 966 F. Supp. 951, 955 (C.D. Cal. 1997); *see also*, *Fitzgerald v. Barron*, No. 5:06cv44, 2006 WL 2405058, at *2 (N.D. Fla. Aug. 17, 2006) ("In general, the BOP assess [sic] inmates' § 3621 eligibility based on the title of their offense conviction."). Applying this categorical approach, there is no doubt that petitioner's conviction under the Illinois aggravated assault statute constitutes a conviction for "aggravated assault" within the meaning of the regulation. *See White v. Zuercher*, No. 07-cv-00099, 2007 WL 781562, at *2 (D. Colo. Mar. 12, 2007) (upholding denial of early release based on prior conviction for aggravated assault under Illinois law). Thus, "[e]ven if [petitioner's] offense is not a crime of violence, he still is not eligible for a sentence reduction pursuant to the discretion of the director of the BOP as set forth in § 550.58[.]" *Id*.

Likewise, there is no merit to petitioner's argument that his conviction may not be considered disqualifying because he was a juvenile at the time of the crime. The Program Statement which distinguishes between adult and juvenile convictions refers to adjudications, not to the age of the

---

[1] Although the regulation makes no distinction between adult and juvenile convictions, the BOP's program statement governing early release does make such a distinction. *See* Gov't Br., Ex. 7, Program Statement 5330.10, at 2.

prisoner at the time of the offense.[2] Specifically, the Program Statement provides that, "[w]ith regard to prior offenses, juvenile *adjudications and disciplinary findings* cannot be used to deny an inmate a 3621(e) sentence reduction." Gov't Br., Ex. 7, Program Statement 5330.10, at 3 (emphasis added). The Program Statement excludes only juvenile adjudications, not criminal conduct committed while the prisoner was a juvenile. Here, there is no dispute that petitioner's state court conviction of aggravated assault was an adult criminal adjudication, and not a juvenile adjudication. Thus, the exclusion of juvenile adjudications set forth in Program Statement 5330.10 is inapplicable, and the conviction may be relied upon by the BOP in denying petitioner eligibility for early release.

Thus, the BOP permissibly exercised the discretion granted to it by § 3621(e)(2)(B) by denying petitioner early release in accordance with 28 C.F.R. § 550.58(a)(1)(iv) and Program Statement 5330.10. Accordingly, the Court should conclude that petitioner is not entitled to habeas relief on this claim.

3. *Equal Protection*

Petitioner also contends that the BOP's denial of early release to him violated his right to equal protection of the law as guaranteed by the Due Process Clause of the Fifth Amendment.[3] In support of this claim, petitioner identifies several prisoners who were given early release notwithstanding that their crimes excluded them for release under 28 C.F.R. § 550.58. Each of these

---

[2]As noted above, the distinction between adult and juvenile convictions is not found in the regulation, but only in the BOP's program statement.

[3]The Equal Protection Clause of the Fourteenth Amendment has no application here because, by its terms, the Fourteenth Amendment applies only to the states and not to the federal government. However, the Supreme Court has held that the Due Process Clause of the Fifth Amendment, which is applicable to the federal government, contains an equal protection component identical to the Fourteenth Amendment. *See Mathews v. DeCastro*, 429 U.S. 181, 182 n.1 (1976) (citing *Weinberger v. Salfi*, 422 U.S. 749, 768-770 (1975)); *Bolling v. Sharpe*, 347 U.S. 497, 499 (1954).

prisoners had a previous conviction involving the use of a firearm. Petitioner also points to an inmate who was given early release despite a prior conviction for aggravated assault committed while he was a juvenile. The Court should conclude that petitioner is not entitled to habeas relief on this claim.[4]

Petitioner does not contend that the regulation, which distinguishes between certain types of offenders based on their preconviction conduct, itself violates his right to equal protection of the law, and such challenges to 28 C.F.R. § 550.58 have been consistently rejected, including by this Court. *See, e.g.*, *Cook v. Wiley*, 208 F.3d 1314, 1323 (11th Cir. 2000); *Martinez v. Flowers*, 164 F.3d 1257, 1261 (10th Cir. 1998); *Perez v. Hemingway*, 157 F. Supp. 2d 790, 795-96 (E.D. Mich. 2001) (Borman, J.). Rather, petitioner contends that the statute and regulation have been discriminatorily enforced because other prisoners with similar preconviction conduct have been granted early release. "To prove that a statute has been administered or enforced discriminatorily, more must be shown than the fact that a benefit was denied to one person while conferred on another." *Sylvia Development Corp. v. Calvert County, Md.*, 48 F.3d 810, 819 (4th Cir. 1995). As the Supreme Court has explained, "[t]he unlawful administration by state officers of a state statute fair on its face, resulting in its unequal application to those who are entitled to be treated alike, is not a denial of equal protection unless there is shown to be present in it an element of intentional or purposeful discrimination." *Snowden v. Hughes*, 321 U.S. 1, 8 (1944). Thus, "[i]n order to prevail on an equal protection claim based upon the application of a facially neutral statute, it must be establish that: (1) the plaintiff was treated differently than similarly situated persons; and (2) the

---

[4]The government argues that this claim is not exhausted because, although petitioner mentioned equal protection in his administrative proceedings, he did not specifically identify the similarly situated prisoners who were treated differently. Because the claim is without merit, the Court need not resolve this more difficult exhaustion question.

defendant unequally applied the facially neutral statute for the purpose of discriminating against the plaintiff." *Strickland v. Alderman*, 74 F.3d 260, 264 (11th Cir. 1996).

Here, even assuming that the identification of other prisoners by petitioner alone sufficed to show that they were similarly situated to him and treated differently, petitioner has offered no argument, much less evidence, that the differing treatment was the result of any discriminatory animus. He merely alleges different treatment *simpliciter*. This is insufficient to make out an equal protection claim. As another judge of this Court explained in similar circumstances:

> "The Equal Protection Clause requires public institutions to 'treat similarly situated individuals in a similar manner.'" *Buchanan v. Bolivar, Tenn.*, 99 F.3d 1352, 1360 (6th Cir. 1996) (quoting *Gutzwiller v. Fenik*, 860 F.2d 1317, 1328 (6th Cir. 1988)). However, the circumstances of the named inmates' release is not explained in any detail in the habeas petition. Even if some inmates with similar convictions were granted early release under section 3621(e)(2)(B), the petitioner's assertion "indicates mere inconsistencies or erroneous decisions in prison management, which do not by themselves constitute a cognizable equal protection claim." *Clapper v. Wisconsin Dep't of Corrs*, 946 F. Supp. 672, 680 (E.D. Wisc.1996) (citing *Shango v. Jurich*, 681 F.2d 1091, 1103-05 (7th Cir. 1982), and *Durso v. Rowe*, 579 F.2d 1365, 1372 (7th Cir.1978)); *Sizemore v. Marberry*, 2005 WL 1684132, *5 (E.D.Mich. July 14, 2005). Therefore, the petitioner has not established an equal protection claim.

*Chevrier v. Marberry*, No. 04-10239, 2006 WL 3759909, at *6 (E.D. Mich. Dec. 20, 2006) (Lawson, J.); *see also*, *Thomas v. Middlebrooks*, No. 5:06-CV-113, 2006 WL 3020825, at *5 (N.D. Fla. Oct. 19, 2006). This reasoning is directly applicable here, and the Court accordingly should conclude that petitioner is not entitled to habeas relief on this claim.

C.      *Conclusion*

In view of the foregoing, the Court should conclude that the BOP permissibly denied petitioner eligibility for early release in accordance with 18 U.S.C. § 3621(e)(2)(B) and 28 C.F.R. § 550.58(a)(1)(iv), and that this denial of eligibility did not deprive petitioner of the equal protection

7

of the laws. Accordingly, the Court should deny petitioner's application for the writ of habeas corpus.

III. <u>NOTICE TO PARTIES REGARDING OBJECTIONS</u>:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

<u>S/Paul J. Komives</u>
Paul J. Komives
United States District Judge

Dated: November 15, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 15, 2007, by electronic and/or ordinary mail.

                                          <u>S/V. Sims for Eddrey Butts</u>
                                          Case Manager